# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DAN HAENDEL, | ) | Civil Case No. 7:18cv00317 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| IVAN GILMORE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Dan Haendel, a Virginia inmate proceeding pro se,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Circuit Court for the City of Staunton. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court grants the motion and dismisses the petition as time-barred.[2]

## I.

On December 30, 2014, after an Alford plea,[3] the Circuit Court for the City of Staunton convicted Haendel of attempting to take indecent liberties with a minor, in violation of Virginia Code §§ 18.2-370 and 18.2-26, and using a communications system to facilitate a sexual offence with a minor, in violation of Virginia Code § 18.2-374.3. The court sentenced him to a total term

---

[1] The court notes that Haendel was an attorney admitted to practice law in the District of Columbia from December 28, 1979 until his license was suspended on June 1, 2018, and he was disbarred on January 3, 2019. See In re Haendel, 199 A.3d 625, No. 18-BG-522, 2019 D.C. App. LEXIS 2, at *2, 2019 WL 81111, at *1 (D.C. Jan. 3, 2019).

[2] Since filing his petition, Haendel has been released from incarceration. See ECF No. 19. Because of his release, Haendel seeks to amend his petition to change the named respondent to the "Virginia Department of Corrections Probation and Parole District 29." See ECF No. 18. However, because the court is dismissing his petition, his motion to amend is moot and, thus, will be denied. The court notes that a petitioner's release from prison does not moot his petition simply because he is no longer "in custody," provided there is still some "collateral consequence" of the conviction. See Spencer v. Kemna, 523 U.S. 1, 14-16 (1998). A criminal conviction carries a presumption of collateral consequences, see id. at 8, and respondent has offered nothing to rebut this presumption.

[3] North Carolina v. Alford, 400 U.S. 25 (1970) "allows a defendant to plead guilty without admitting the commission of the acts underlying the offense and without incurring civil liability." Jones v. United States, 401 A.2d 473, 475 n.1 (D.C. 1979).

of twenty years' incarceration, with thirteen years suspended.

Nine months later, on September 30, 2015, Haendel filed a "Motion for Reconsideration and Motion to Suppress Evidence" with the Circuit Court for the City of Staunton. Haendel argued that the electronic communications with Officer Cully, an Officer of the Staunton Police Department who posed as a minor in communicating with Haendel, were unlawfully intercepted and should have been suppressed. The Circuit Court denied Haendel's motion on December 23, 2015, finding that it lacked jurisdiction to suspend or otherwise modify Haendel's sentence pursuant to Virginia Code § 19.2-303 and Rule 1:1 of the Rules of the Supreme Court of Virginia. Haendel appealed and the Supreme Court of Virginia refused the appeal on February 3, 2017. The Supreme Court of the United States denied his petition for writ of certiorari on October 2, 2017. Haendel filed the instant federal habeas petition on June 29, 2018. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

**II.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Haendel alleges nothing to support application of § 2244(d)(1)(B)-(D). Under § 2244(d)(1)(A), Haendel's conviction became final on January 29, 2015, when his time to file a direct appeal to Court of Appeals of Virginia expired, see Va. Code § 8.01-675.3 and Va. S. Ct. R. 5A:6, and the statute of limitations began to run on that date. Therefore, Haendel had until January 29, 2016, to file a timely federal habeas petition.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction review or other state collateral proceeding is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Haendel's September 30, 2015 motion in the circuit court, collaterally attacking his conviction, and the subsequent appeals of the denial of that motion, did not toll the statute of limitations because the motion was not "properly filed."[4] See Hall v. Johnson, 332 F. Supp. 2d 904, 909 (E.D. Va. 2004) (finding a collateral attack denied under Virginia Supreme Court Rule 1:1 was not properly filed and, thus, did not toll the statute of limitations period). Accordingly, Haendel's petition is time-barred unless he demonstrates that the court should

---

[4] Moreover, even if the court tolled the statute of limitations during the pendency of Haendel's motion and subsequent appeals, his federal habeas petition would nevertheless be untimely. A total of 244 days passed from the time his conviction became final on January 29, 2015 to the time he filed his motion in the Circuit Court on September 30, 2015. The Supreme Court of Virginia denied his appeal of his collateral attack on February 3, 2017. Haendel's petition for writ of certiorari to the Supreme Court of the United States did not toll the statute of limitations. See Lawrence v. Florida, 549 U.S. 327, 334-36 (2007) (holding that a petitioner is not entitled to tolling to file a petition for writ of certiorari to the Supreme Court of the United States following state collateral review, even if the petition for writ of certiorari is actually filed). Therefore, the limitations period ran for another 511 days before he filed his federal habeas petition on June 29, 2018. Accordingly, even if the court tolled the limitations period during the pendency of his state collateral attacks, a total of 755 days passed between the time his conviction became final and time he filed his federal habeas petition and, thus, his petition would be untimely filed.

equitably toll the one-year statute of limitations, Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his convictions, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d. at 246 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)). Haendel has presented no specific evidence to suggest that he was prevented from complying with the statutory time limit. Accordingly, the court finds no basis to equitably toll the limitations period.

Finally, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin, 569 U.S. at 386 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). Haendel has not presented any new evidence in his federal habeas petition and, thus, has not plausibly alleged a basis for

4

excusing his untimely filing. Accordingly, the court concludes that Haendel's petition is time-barred.

## III.

Based on the foregoing, the court will grant respondent's motion to dismiss.

**ENTER**: This <u>  11th  </u> day of March, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge